IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT GONZALES, } | |
| TDCJ-CID NO. 730155, } | |
|     Petitioner, } | |
| v. } | CIVIL ACTION NO. H-07-3824 |
| } | |
| NATHANIEL QUARTERMAN, } | |
|     Respondent. } | |

OPINION ON DISMISSAL

Petitioner Robert Gonzales, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1995 state court felony murder conviction. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.    PROCEDURAL HISTORY

Petitioner reports that on September 14, 1995, he was convicted in the 182nd Criminal District Court of Harris County, Texas, of the felony offense of murder in cause number 688,319, and sentenced to sixty years confinement in TDCJ-CID. Petitioner's conviction was subsequently affirmed and his petition for discretionary review ("PDR") was refused on April 29, 1998. *Gonzales v. State*, No. 14-95-01100-CR (Tex. App.–Houston [14th Dist.] 1998, pet. ref'd). Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about July 29, 1998. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed his first state habeas application in the 182nd Criminal District Court on April 4, 2002. (Harris County Clerk's Office). On August 14, 2002, the Texas Court of Criminal Appeals denied WR-52,900-01 without written orders on the trial court's findings without a hearing. Texas court website.[1] Petitioner filed his second state habeas application on December 29, 2006. (Harris County Clerk's Office). The application was dismissed as an abuse of the writ on August 15, 2007. Texas court website.[2] Petitioner filed the pending federal petition for writ of habeas corpus in early November, 2007. Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks relief on the following grounds:

1. Petitioner has been denied due process because he is actually innocent;

2. The state district court improperly charged the jury during the punishment phase regarding the special issue of sudden passion;

3. Petitioner was denied his right to confrontation of an eyewitness to the crime; and,

4. Petitioner was denied the effective assistance of counsel at trial.

(Docket Entry No.1).

II.   ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C.§ 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[1] www.cca.courts.state.tx.us/opinions/printcase.asp?FilingID=210779

[2] www.cca.courts.state.tx.us/opinions/printcase.asp?FilingID=249512

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

    Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on July 29, 1998, the last day petitioner could have filed a petition for writ of *certiorari* in

the United States Supreme Court. That date triggered the one-year limitations period which expired on July 29, 1999.

Petitioner's first state habeas application was pending before the Texas Court of Criminal Appeals from April 4, 2002, until August 14, 2002, at which time the Texas Court of Criminal Appeals denied relief. Because petitioner's state application for habeas corpus relief was not filed until April 4, 2002, after the expiration of the July 29, 1999 deadline, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Petitioner, however, seeks equitable tolling on the ground that he is actually innocent because he committed a crime of passion. (Docket Entry No.6).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher v. Johnson*, 174 F.3d 710, 715, n.14 (5th Cir. 1999). To be entitled to equitable tolling, a petitioner must diligently pursue his post-conviction relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

It is well-settled that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law. "[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant equitable tolling. *Id.* at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to file his petition in a timely manner. *Fisher,* 174 F.3d at 714.

Likewise, petitioner's claim of actual or factual innocence does not merit equitable tolling. A claim of actual or factual innocence does not constitute a "rare and exceptional" circumstance, given that many inmates maintain they are innocent. *Felder*, 204 F.3d at 171. Petitioner cannot re-litigate his guilt or innocence in this collateral challenge. *See Herrera v. Collins*, 506 U.S. 390, 395 (1989) (noting that "[f]ederal courts are not forums in which to relitigate state trials"). Petitioner has not presented any new evidence to demonstrate that he is factually innocent; his allegations of innocence are based on self-serving statements that are conclusory in nature and unsupported by a factual basis. Petitioner's request for equitable tolling is, therefore, DENIED.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV. CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

6

2.     This cause of action is DISMISSED with prejudice.

3.     Petitioner's request for equitable tolling (Docket Entry No.6) is DENIED.

4.     A certificate of appealability is DENIED.

5.     All other pending motions are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 14th day of January, 2008.

*[signature: Melinda Harmon]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE